```
             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DAVID ALLAN CARNELL,**

                    **Plaintiff,**

      **v.**                                    **CASE NO. 12-3019-SAC**

**JAMES ROCKY ALLEN,**

                    **Defendant.**

## O R D E R

This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, submitted pro se by a prisoner confined in the Linn County jail in Mound City, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*In Forma Pauperis Status - 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Plaintiff documents that no prisoner financial records are available at the Linn County jail. Given plaintiff's apparent lack of financial resources, the court grants plaintiff provisional leave to proceed in forma pauperis, subject to the court revisiting

plaintiff's indigent status if additional financial information become available. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

In the present case, plaintiff alleges he was beaten by another prisoner, the sole defendant named in the complaint. Because there is nothing to suggest this private person was acting "under color of state law" at the time, plaintiff's allegations clearly fail to state an actionable claim for relief under § 1983. Absent amendment of the complaint to cure this deficiency, the court finds the complaint is subject to being summarily dismissed pursuant to § 1915A(b). The failure to file a timely response to the show cause order entered herein may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted without assessment of an initial partial filing fee, and that payment of the

2

$350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the instant complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge